COMMONWEALTH of Kentucky, Complainant,

v.

David Leon GORDON, Respondent.

Supreme Court of Kentucky.

Sept. 22, 1981.

Steven L. Beshear, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for complainant.

Frank W. Heft, Jr., Chief Appellate Defender of the Jefferson District Public Defender, Daniel T. Goyette, Chief Deputy Public Defender of Counsel, Jefferson District Public Defender, Louisville, for respondent.

## OPINION OF THE COURT

The sole issue on this appeal is whether a photograph of a juvenile, retained in violation of KRS 208.196 and used as identification of a suspect (then an adult) in a criminal prosecution, is a violation of the fourth amendment.

Following the commission of an armed robbery in July of 1979, the victims viewed numerous photographs on the wall of Louisville police headquarters. One of them was that of respondent, taken 16 days before his eighteenth birthday. It was there in relation to another totally unrelated criminal charge. One of the witnesses tentatively identified respondent. Following his subsequent arrest, respondent agreed to a line-up where he was positively identified.

Following a suppression hearing, the trial court admitted evidence of the photograph and evidence of the line-up. The Court of Appeals, in a split decision, reverse the trial court, based on the admitted violation of KRS 208.196. We disagree.

Essentially, the Court of Appeals ruled that since the photograph was illegally retained by the police, its use in identification was unconstitutional and any evidence flowing from said use was, in effect, the "fruit of the poisonous tree". KRS 208.196 is as follows:

> "Physical evidence—How obtained and utilized—Disposition. (1) Physical evidence shall be obtained and utilized in the investigation of public offenses involving children in the same manner as it is obtained and utilized the investigation of public offenses involving adults. (2) All records and physical evidence so obtained shall be surrendered to the court upon elimination of a child as a suspect in

the case. (3) Any person who violates the provisions of this section shall be guilty of a class B misdemeanor."

 This statute is clearly for the benefit and for protection of juveniles. It does not actually or impliedly confer any constitutional rights on the protected parties. It provides a method of enforcement by providing misdemeanor sanctions. In the present case respondent was an adult when the photograph was viewed and is, therefore, not within the protective aegis of the statute. The statute is a deterrent to specific conduct of police authorities and is not constitutional in nature.

The decision of the Court of Appeals is reversed and the judgment of the trial court is reinstated.

All concur.